**LIAN YING GUAN, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Michael B. Mukasey, Attorney General,[1] Respondents.**

No. 07–4036–ag.

United States Court of Appeals, Second Circuit.

April 24, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Acting Attorney General Peter D. Keisler as a respondent in this case.

Yee Ling Poon, New York, New York, for Petitioner.

Jeffrey S. Bucholtz, Acting Assistant Attorney General, Civil Division, M. Jocelyn Lopez Wright, Assistant Director, Carol Federighi, Senior Litigation Counsel, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondents.

PRESENT: Hon. CHESTER J. STRAUB, Hon. ROBERT D. SACK, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Lian Ying Guan, a native and citizen of the People's Republic of China, seeks review of an August 30, 2007 order of the BIA affirming the August 12, 2005 decision of Immigration Judge ("IJ") Sandy Hom denying her application for asylum, withholding of removal, and Convention Against Torture ("CAT") relief. *In re Lian Ying Guan*, No. A95 841 113 (B.I.A. Aug. 30, 2007), *aff'g* No. A95 841 113 (Immig. Ct. N.Y. City Aug. 12, 2005). We assume the parties' familiarity with the

underlying facts and procedural history of the case.

When, as here, the BIA affirms the IJ's decision in all respects but one, we review the IJ's decision "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, and treat them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir. 2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dept. of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005). We review de novo questions of law, including what quantum of evidence will suffice to discharge an applicant's burden of proof. *See, e.g., Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003).

As an initial matter, we do not consider Guan's argument that the BIA engaged in impermissible factfinding in determining that the exception in Article 9 of the family planning laws applied to her, because the BIA's alternate finding that Guan failed to demonstrate a well-founded fear of persecution based on the birth of her children in the United States is dispositive in this case. Here, even if it were assumed that the birth of Guan's children would be considered a violation of the family planning policy, the BIA reasonably concluded that she failed to present evidence that the treatment she faces would amount to persecution. Guan submitted a "Sterilization Registration Card" purportedly issued to her mother-in-law in 1983 after the birth of her two daughters. As-

suming the authenticity of that card, it fails to support her claim because the card does not indicate that the sterilization was forced. *See* 8 U.S.C. § 1101(a)(42) (including in the definition of refugee those persons who have been *forced* to abort a pregnancy or to undergo involuntary sterilization). Guan also submitted documents from her sister-in-law, Chen Yu Mei, indicating that she was "forced" to submit to an abortion by family planning authorities in Fujian Province after they learned that she was pregnant for the second time. As the Government asserts, however, the letter is devoid of any detail that would establish that the type and level of "force" used by the authorities was sufficient to constitute a persecutory act. *See Xiu Fen Xia v. Mukasey,* 510 F.3d 162, 166 (2d Cir.2007) (*citing In re T–Z–,* 24 I. & N. Dec. 163, 169–70 (BIA 2007)). Without any information as to how Chen was "forced" to submit to an abortion, the BIA was not compelled to conclude that Chen's letter constituted material evidence supporting Guan's claim. As such, the BIA was not required to address it explicitly in its decision. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 338 n. 17 (2d Cir.2006).

Guan also submitted the transcript of a 1998 Congressional Hearing, which includes the testimony of a former "planned-birth officer," Gao Xiao Duan, and argues that the transcript provides support for her claim that she will be sterilized because of the birth of her US-citizen children. However, while the ten-year-old transcript provides examples of sterilizations of individuals who had two children, it also does not provide any detail about the type and level of "force" used by the authorities today. *See Xiu Fen Xia,* 510 F.3d at 166. Accordingly, the BIA was not compelled to conclude it provided material support for Guan's claimed fear of

sterilization, and the BIA was similarly not required to address it explicitly in its decision. *See Xiao Ji Chen,* 471 F.3d at 338 n. 17.

Nevertheless, Guan argues that remand is warranted pursuant to *Shou Yung Guo v. Gonzales,* 463 F.3d 109 (2d Cir. 2006), and *Jin Xiu Chen v. U.S. Dep't of Justice,* 468 F.3d 109 (2d Cir.2006). However, the documents at issue in *Shou Yung Guo* are not in the record here. As the Government argues, we will not remand a case to the BIA in order for it to consider documents that were not in the record before it. *See Xiao Xing Ni v. Gonzales,* 494 F.3d 260, 269 (2d Cir.2007). Accordingly, Guan's reliance on *Shou Yung Guo,* and the cases that followed, is misplaced.[2]

Because Guan was unable to show the objective likelihood of persecution needed to make out an asylum claim, she was necessarily unable to meet the higher standard required to succeed on a claim for withholding of removal and CAT relief, where all three claims are based on the same factual predicate. *See Paul v. Gonzales,* 444 F.3d 148, 156 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED.

---

**2.** Guan's reliance on *Zhi Yun Gao* is similarly misplaced. *See Zhi Yun Gao v. Mukasey,* 508 F.3d 86 (2d Cir.2007). Our remand in that case depended principally on two documents in the record which were deemed "strikingly similar" to the documents at issue in *Shou Yung Guo. Id.* at 86. Neither of these documents, however, is in the record before us.

